Catherine P. Logan, City Attorney City of Junction City Building 82, Suite 1000
10851 Mastin Boulevard Overland Park, Kansas 66210-1669
Dear Ms. Logan:
As City Attorney for the City of Junction City, you inquire whether the Kansas Open Meetings Act (KOMA) is violated when a member of an agency or body responds to an email or electronic communication and copies all or a majority of the other members.
The situation you describe, in which members of a body or agency receive an email from a constituent and one member replies to that constituent, but also shares both the original message and comments with the other members, raises questions as to whether a "meeting," as defined by KOMA has occurred.
A meeting is defined in KOMA:
 As used in the open meetings act, `meeting' means any gathering or assembly in person or through the use of a telephone or any other medium for interactive communication by a majority of the membership of a body or agency subject to this act for the purpose of discussing the business or affairs of the body or agency.[1]
The definition of a meeting contains three separate requirements. All must be met in order to constitute a meeting.
The first part of the definition requires "any gathering or assembly, in person or through the use of . . . any other medium for interactive communication."[2] The phrase "interactive communication" is the critical portion of the first element and the point of our review.
In Attorney General Opinion No. 95-13, Attorney General Carla J. Stovall concluded that while electronic communication could be a method of interactive communication, such communication had to be "interactive" before the first requirement was met. "Interactive" means "mutually or reciprocally active."[3] Accordingly, General Stovall concluded that "simply sending a message to other board members would not constitute interactive communication within the meaning of KOMA."[4]
The second requirement for a meeting is that a "majority" of the body is involved in the interactive communication.[5] In some circumstances, a majority may not initially participate in the interactive discussion, but further communications between the members on the same topic may ultimately reach a majority of the membership. You advise that you counsel the Junction City Commission that KOMA may be violated should other members of the commission respond to the citizen and copy other commissioners or direct comments to other commissioners. The situation you are warning the commissioners about may involve interactive communications in a series.[6] This type of communication is subject to KOMA's requirement of openness.
In 2008 the legislature defined such communications as:[7]
 [I]nteractive communications in a series . . . [that] collectively involve a majority of the membership of the body or agency, share a common topic of discussion concerning the business or affairs of the body or agency, and are intended by any or all of the participants to reach agreement on a matter that would require binding action to be taken by the body or agency.[8]
Each communication between members of a governing body or agency must be reviewed to determine if the four conditions contained in the definition are met. First, the interactive communications must involve a majority of the membership. Second, a common topic of discussion must be shared concerning the business or affairs of the body or agency. Third, there must be an intent to reach agreement on the topic by any or all participants.[9] Fourth, that topic will require binding action by the body or agency.[10]
The situation you describe, where one member of the body shares both the original communication and their comments with all or a majority of the body, may easily become an opportunity for the type of communication that must be open. As you have advised the city commission, it is better not to forward the original communication with comments. As General Stovall noted "whether a series of communications constitutes a violation of the KOMA is very fact specific, and each situation must be decided on its facts."[11]
In conclusion, "interactive communication," for the purposes of KOMA, requires a mutual or reciprocal exchange between members of a body or agency subject to KOMA. Accordingly, "interactive communication" does not occur when a non-member of a body or agency communicates with a majority of that body or agency board and a member responds and shares the response with other members. Should there be further interactive communications among a majority of the members concerning the business of the body, and there is an intent by any or all of the participants to reach agreement on a matter that would require binding action, those communications are subject to KOMA.
Sincerely,
 Steve Six Attorney General
 Michael J. Smith Assistant Attorney General
SS:MF:MJS:jm
[1] K.S.A. 2008 Supp. 75-4317a.
[2] Id.
[3] Attorney General Opinion No. 98-26 at 3.
[4] Id at 5.
[5] K.S.A. 2008 Supp. 75-4317a.
[6] K.S.A. 2008 Supp. 75-4318(f), as amended by L. 2009, ch. 58, § 1.
[7] Id.
[8] L. 2009, ch. 58, § 1.
[9] The fact the discussion occurred will satisfy this element as specific intent has never been required to determine if a KOMA violation has occurred. See Murray v. Palmgren,231 Kan. 524, 536 (1982).
[10] The first two requirements are identical to the definition of serial communications articulated in Attorney General Opinion No. 98-26.
[11] Id at 7.